# NEBRASKA v. IOWA.

ORIGINAL.

No. 4. Original. Argued January 29, 1892. — Decree entered May 16, 1892.

This case was decided February 29, 1892, 143 U. S. 359, and the decree withheld in order to enable the parties to agree to the designation of the boundary between the two States. Such agreement having been reached a decree is now entered accordingly.

THIS case is reported in volume 143 U. S. pages 359 to 370. No decree was entered, the court observing (page 370): "We think we have by these observations, indicated as clearly as is possible the boundary between the two States, and upon these principles the parties may agree to a designation of such boundary, and such designation will pass into a final decree. If no agreement is possible, then the court will appoint a commission to survey and report in accordance with the views herein expressed." The parties having come to such an agreement, the court on the 16th of May, 1892, entered the following decree.

*Mr. J. N. Woolworth* for the State of Nebraska.

*Mr. J. Y. Stone*, Attorney General of the State, *Mr. J. J. Stewart* and *Mr. Smith McPherson* for the State of Iowa.

## Decree.

This cause came on to be heard upon the pleadings and proofs, and was argued by counsel, and thereupon, the parties having agreed upon a designation of the boundary in accordance with the principles set forth in the opinion of this court, filed on February 29, 1892, it is ordered, adjudged and decreed as follows:

That the boundary between the State of Nebraska and the State of Iowa, between the north line of sections twenty-two (22) and twenty-three (23), in township seventy-five (75) north of range forty-four (44) west of the fifth principal meridian,

according to the surveys of the public lands in the State of Iowa, and the middle, east and west lines of section twenty-eight (28) in said township and range, is, and is hereby established in the middle of the main channel of the Missouri River, save and excepting the part of the said boundary described as follows:

Commencing at a point on the south line of section twenty (20), in township seventy-five (75) north, range forty-four (44) west of the fifth principal meridian, produced eight hundred and sixty-one and one-half (861½) feet west of the southeast corner of said section, and running thence northwesterly to a point on the south line of lot four (4) of section ten (10), in township fifteen (15) north of range thirteen (13) east of the sixth principal meridian, twenty-two hundred and seventy-five (2275) feet east of the southwest corner of the northwest quarter of the southeast quarter of said section ten (10); thence northerly to a point on the north line of lot four (4) aforesaid, two thousand and sixty-eight (2068) feet east of the centre line of said section ten (10); thence north to a point on the north line of section ten (10), two thousand and sixty-eight (2068) feet east of the quarter section corner on the north line of said section; thence northerly to a point three hundred and twelve (312) feet west of the southeast corner of lot one (1), in section three (3), township fifteen (15) north, range thirteen (13) east aforesaid; thence northerly to a point on the section line between sections two (2) and three (3), three hundred and fifty-eight (358) feet south of the quarter section corner on said line; thence northeasterly to the centre of the southeast quarter of the northwest quarter of section two (2) aforesaid; thence east to the centre of the west half of lot five (5), otherwise described as the southwest quarter of the northwest quarter of section one (1), in township fifteen (15), range thirteen (13) aforesaid; thence southeasterly to a point on the south line of lot five (5) aforesaid, fifteen hundred and forty (1540) feet west of the centre of section one (1), last aforesaid; thence south two thousand and fifty (2050) feet to a point fifteen hundred and forty (1540) feet west of the north and south open line through said section one (1); thence south-

westerly to the southwest corner of the northeast quarter of the southwest quarter of section twenty-one (21), in township seventy-five (75) north, range forty-four (44) west of the fifth principal meridian; thence southeasterly to a point six hundred and sixty (660) feet south of the northeast corner of the northwest quarter of the northeast quarter of section twenty-eight (28), in township seventy-five (75) north, range forty-four (44) west, aforesaid; and said line produced to the centre of the channel of the Missouri River.

Commencing again at the point of beginning first named, namely, a point on the south line of section twenty (20), in township seventy-five (75) north, range forty-four (44) west of the fifth principal meridian, produced eight hundred and sixty-one and one-half (861½) feet west of the southeast corner of said section, and running thence southeasterly to a point six hundred and sixty (660) feet east of the southwest corner of the northwest quarter of the northwest quarter of section twenty-eight (28), in township seventy-five (75) north, range forty-four (44) west of the fifth principal meridian, and said line produced to the centre of the channel of the Missouri River.

The territory lying on the west of said line from the point last aforesaid, to the section line between sections two (2) and three (3), in township fifteen (15) north, range thirteen (13) east of the sixth principal meridian, according to the government surveys in Nebraska, and also the territory lying north of the above-described line, to where it intersects the middle, east and west line of section one (1), in said township and range, and the territory lying east of the above-described line from the point last aforesaid to the Missouri, are in the State of Nebraska, and the lands included between and within the above-described line are in the State of Iowa.

It is further ordered that the costs of this suit be paid by the parties equally.

*So ordered.*